FABE, Justice,
dissenting in part.
I agree with the court that feasibility rather than reasonableness is the correct legal standard to be applied. And I agree that, on the record in this case, the question of the feasibility of relocating the Fifth Avenue Laser Wash can be decided as a matter of law in favor of the State. But I disagree with the court’s implicit conclusion that a directed verdict on the question of feasibility resolves all of the potential damages claims in this case. Even if it is feasible for a business to relocate, the business may incur damages for lost profits while it relocates, or, as in this case, while it attempts to sell the business. I would therefore remand the case on the limited issue of lost-profits damages.
In State v. Hammer we recognized that a business owner can recover special damages when the State takes his business property through its power of eminent domain,[1] We discussed lost profits as a type of “business interruption” for which the--State could be liable, so long as the business owner could prove his damages with reasonable certainty.[2] Our discussion of lost profits did not suggest that lost profits were part and parcel of a business’s value. To the contrary, we noted that because the State could control the amount of damages by, for example, “giving precise and early notice,” a business owner could claim lost profits as additional compensation.[3]
One of the damages claims set out by Trefrey in his complaint was “temporary lost profits.” Those damages were pleaded separately from other types of business damages, such as “lost business opporthnities arid value” and “lost goodwill.” Because Trefrey adequately alleged lost profits as an item of special damages, he should have the opportunity to recover the- amount of those damages proved with reasonable certainty. The State contends that Trefrey’s claim for lost profits is “inapposite” because he did not reopen the business and sold it instead. But the sale followed the closure of the Fifth Avenue location by several months, leaving a time period during.which the business presumably suffered lost-profits damages. Those damages are not so speculative that they cannot be proved with reasonable certainty; at a minimum a business owner could present evidence of profits during the same time period immediately preceding the taking. In my view, Trefrey should .be afforded the opportunity to prove and recover damages for lost profits on remand.
The disputed valuation of Trefrey’s property taken through eminent domain Was the subject of negotiations that spanned many months, and the parties ultimately entered into a settlement of their dispute, with the State paying Trefrey $5.36 million. One of the central contested issues at trial here was the scope of the settlement: The State contended that it had “increased its valuation” in part based on “the growth potential and income history” of the Fifth Avenue location, while Trefrey argued that any damage to the business was “separate and distinct from the value of the real property” and thus not the subject of the settlement.
*1154 Settlement agreements are interpreted as contracts,[4] and when there are no factual disputes, “we review questions of contract formation and interpretation de novo,”[5] But “[t]he intent of the parties when entering a contract is a question of fact” that is “reviewed under the clearly erroneous standard [of review].”[6] The jury in this ease was asked to determine whether “the parties agree[d] that business damages were included” in the amount the State paid pursuant to the settlement. And the jury found that they were not. The jury’s finding should be an adequate indication that the purpose of the settlement was not sp clear as to merit a judgment as a matter of law in favor of the State on this issue. And while the State alleges that Tre-frey accepted an additional small sum as a relocation settlement, the record citation in its brief does not support its assertion. In my view, the purpose of any additional funds Trefrey may have accepted is not established on this record as a matter of law.
Because the parties’ intent in agreeing to the settlement cannot be determined as a matter of law, I respectfully dissent from the court’s ordered remedy of a remand solely for reconsideration of prevailing party status, attorney's fees, and costs. I would remand the case to the trial court on the limited question of lost-profits damages to Trefrey for the period óf time from the taking until the sale of the business.
Winfree and Maassen, Justices, not participating.

. 550 P.2d 820, 823-27 (Alaska 1976).

. Id. at 827;'

.. Id.

.Chilkoot Lumber Co. v. Rainbow Glacier Seafoods, Inc., 252 P.3d 1011, 1014 (Alaska 2011) (citing Smith v. Cleary, 24 P.3d 1245, 1247 (Alaska 2001)).

. Id. (citing Copper River Sch. Dist. v. Traw, 9 P.3d 280, 283 (Alaska 2000)).

. K & K Recycling, Inc. v. Alasita GoldCo., 80 P.3d 702, 712 (Alaska 2003).